PIERCE, Justice,
dissenting:
¶ 14. I dissent from the Majority because Flowers’s proposed instruction was an incorrect statement of the law, was covered fairly elsewhere in jury instructions, and was lacking in evidentiary foundation. All these flaws can be summed up: This is not a defense-of-necessity case.
¶ 15. Before anything else, the Majority’s opinion is incomplete without a fuller account of the testimony of James Funch-es, the citizen-arrester. According to Funches, approximately a week before Christmas, Flowers, a neighborhood resident familiar to Funches, walked up to the home of Alvera Jones, knocked once, and then broke down the door. When Flowers emerged from the house, he carried with him certain items. Jones testified that the Christmas presents in Jones’s home had been foraged through, moved, and placed in bags near the doorway. Funches testified that when Flowers had seen him (and, more importantly, his hunting rifle), the perceived burglar had laid down those personal items he was carrying, assumed a surrendering position, and exclaimed that he “done messed up.” Suffice it to say, the evidence against Flowers is overwhelming.
¶ 16. Lately, when we have said that “jury instructions are within the sound discretion of the trial court,”[14] we often have followed it with “but.” Today’s case is no different. However, we do allow trial judges to refuse instructions that are incorrect statements of the law, unsupported by the evidence, or covered fairly elsewhere.[15] This instruction falls within all of those categories.
¶ 17. First, it is an incorrect statement of the law. The proposed instruction read: “If you believe ... that ... Ronregus Flowers entered the home of Alvera Jones in order to avoid physical harm ... then you should find Ronregus Flowers [n]ot guilty.” This is incorrect, because Flowers might have had dual motivations. If he entered the house with both the intent to avoid harm and the intent to commit the crime of larceny, he still is guilty of burglary.[16]
¶ 18. Besides that, necessity is not perfectly his theory of defense, anyway. Necessity is an affirmative defense. One admits to the indicted charge — here, burglary — when one claims an affirmative defense. In Knight v. State, the defendant admitted leaving the scene of an accident, but claimed that he had feared for his life had he stayed.[17] In Stodghill v. State, the defendant admitted driving under the influence (DUI), but claimed it was necessary, since he was transporting someone *915 to the hospital.[18] And in Davis v. State, the defendant admitted his role in a litany of violent offenses, but claimed that he was doing so under duress.[19]
¶ 19. Contrary to the facts of those prior cases, Flowers is not admitting that he committed burglary in the home of Alvera Jones. His theory is that he lacked the necessary intent when he entered the home, so he is, pointedly, denying that he committed the indicted crime. His is not an affirmative defense; it is just an ordinary one. And so, instructing the jury on necessity would not have been right on point.
¶ 20. Second, his actual theory of defense was covered elsewhere in the instructions in the elements instruction. The jury was told that it must find beyond a reasonable doubt that Flowers entered the home “[w]ith the intent to commit a crime of larceny[.]”[20] Had the jury believed that Flowers had entered the house out of fear for his life, it could have had reasonable doubt that he had entered with the intent to commit larceny and it could have found him not guilty. Flowers’s defense was not an affirmative one of necessity; it was that the State had not proven an essential element of burglary. Therefore, his theory is built into the elements instruction. Flowers’s proposed instruction would have repeated the applicable law, applied the facts to it, and erroneously injected the elements of necessity.[21]
¶21. The proposed instruction also is without foundation in the evidence. In murder trials, we have said that “simply claiming self-defense does not make it so.”[22] Mississippi defendants regularly are denied self-defense instructions predicated solely upon self-serving testimony.[23] Why the Majority would employ a different standard in this, a less-serious crime, I do not know. If self-serving, wholly unsubstantiated stories such as this are sufficient evidence to merit a jury instruction, then, trial court judges in Mississippi should think long and hard about denying any instruction.
1122. Finally, the Majority ignores our suggestion in Davis v. State (which the Majority cites) that the erroneous refusal of necessity instructions can be harmless.[24] *916 Though the trial court was squarely within its discretion when it refused this instruction, if there ever was an error that was harmless, this is it.
¶ 23. For the foregoing reasons, I dissent.
WALLER, C.J., RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.

. Rubenstein v. State, 941 So.2d 735, 787 (Miss.2006).

. Id.

. I understand that it is highly unlikely that Flowers had dual intentions when he entered the Jones home, but this instruction leaves open that rhetorical possibility. And, after all, it also is highly unlikely that "the man in the shrubbery” made him do it.

. Knight v. State, 601 So.2d 403, 405 (Miss.1992).

. Stodghill v. State, 892 So.2d 236, 238 (Miss.2005).

. Davis v. State, 18 So.3d 842, 847 (Miss.2009).

. The "elements” instruction read:
The defendant, Ronregus Flowers, has been charged ... with the offense of burglary by breaking and entering a dwelling. If you find from the evidence in this case beyond a reasonable doubt that: 1. The defendant Ronregus Flowers, on or about December 15, 2003, in the First Judicial District of Hinds County, Mississippi; 2. Did break and enter the dwelling house of Alvera Jones; [3]. With the intent to commit a crime of larceny; Then you shall find the defendant, Ronregus Flowers, guilty. If the prosecution has failed to prove any of the above elements beyond a reasonable doubt, then you shall find the defendant, Ronregus Flowers, not guilty.
(Emphasis added.)

. It should further be noted that under his actual theory of defense (that the State had failed to prove an essential element of burglary) he had no burden of proof. His proposed jury instruction would have introduced an affirmative defense, for which he carried the burden of proof. The State, no doubt, would have sought an instruction to that effect.

. Strong v. State, 600 So.2d 199, 203 (Miss.1992).

. See Whittington v. State, 49 So.3d 107 (Miss.Ct.App.2010); Beale v. State, 2 So.3d 693 (Miss.Ct.App.2008).

. See Davis v. State, 18 So.3d 842, 850 (Miss.2009) ("[i]n some circumstances, the trial court’s refusal of [a necessity instruction] would constitute harmless error”).